**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ALBERT G. BRIEN, and SURA REALTY CORP., Plaintiffs** | : CA 06 228 ML |
| **vs.** | : C.A. No. |
| **RAYMOND L. BOURQUE, and SRW REALTY CORPORATION, Defendants** | : |

**<u>COMPLAINT</u>**

NOW COME Albert G. Brien and SuRa, Plaintiffs in the above captioned matter, who state the following:

<u>PARTIES AND JURISDICTION</u>

1. Plaintiff, Albert G. Brien (Brien), is a resident of Woonsocket, in the State of Rhode Island.

2. Plaintiff, SuRa Realty Corp. (SuRa), is a Domestic Business Corporation organized and existing under the laws of the State of Rhode Island.

3. Defendant, Raymond L. Bourque (Bourque), upon information and belief is a resident of the Commonwealth of Massachusetts.

4. Defendant, SRW Realty, is a Massachusetts Domestic Profit Corporation registered to conduct business in Rhode Island.

5. Defendant, Raymond L. Bourque, as President of SuRa, routinely transacts business dealings, such as buying, rehabilitating and selling real estate, within the State of Rhode Island, sufficient to establish a meaningful and substantial connection to the District of Rhode

Island.

6. The amount in controversy between the parties and the issues raised herein are sufficient to confer jurisdiction upon this court based upon diversity of citizenship under 28 U.S.C. §1332.

**FACTS**

7. Plaintiff Brien has been involved in numerous similar business dealings in the Woonsocket, Rhode Island area with Bourque since early 1993.

8. Over the course of their business relationship, Brien and Bourque have developed a routine and practice of forming new corporations to purchase particular parcels of real estate. Upon sale of the real estate, Bourque would recover his investment, Brien would recover any fees for specific services performed in conjunction with the real estate and the remaining profits would be split 50-50 in accordance with the agreements between Brien and Bourque, as was their usual pattern and practice.

9. Brien and Bourque's usual course of business consisted of Brien's searching for, locating, negotiating to purchase parcels of real estate and rehabilitating the property after obtaining any necessary permits with the intention of reselling the property at a profit. Bourque would supply any working capital required to secure the real estate, permits, pay taxes and fees associated with the property or the sale thereof.

10. At the time of the events complained of herein, Plaintiff Albert G. Brien, Vice- President of SuRa, and Defendant Raymond L. Bourque, President of SuRa, were the sole shareholders of SuRa.

11. SuRa was formed for the purpose of purchasing and selling specific lots of real

estate located at Park Square in the City of Woonsocket identified as lots 226, 326, 277, 158, 258, 337, 394,400, 108, 130, 226 on Assessor's Plat # 18, lots 33, 25, 17, 16, 26, 14, 23, 21, 19, 31, 29, 13, 1, 32, 22, 28, 34, 24, 18, 27, 30, 15, 20 on Assessor's Plat # 25, and lot 1 on Assessor's Plat #26 (the SuRa Properties).

12. Brien and Bourque routinely engaged in real estate and business transactions whereby Brien provided expertise, skill, effort and labor to acquire properties and Bourque provided capital investments to acquire properties.

13. Brien acquired the SuRa Properties on or about 1-30-96 and 3-5-96 from Suburban Land Co. at a substantial discount, and Bourque substantially elected to participate in the transaction by reimbursing to Brien the purchase amounts paid.

14. Brien, through his skill, expertise, effort and labor was able to obtain the assignment of the City's tax lien to the SuRa Properties.

15. In consideration for his contribution of skill, expertise, effort, and labor, Bourque agreed that Brien would receive 50% of any profits realized from the sale of any of the SuRa properties.

16. Bourque contributed the investment capital for the project.

17. In consideration for his investment capital, Bourque retained the right to 50 % of any profits realized from the sale of any of the SuRa properties.

18. The properties acquired by SuRa were subject to substantial tax liens.

19. SuRa currently owns the Park Square property, which is valued at approximately $1,250,000.00.

20. Brien filed numerous appeals with the Board of Tax Assessment Review on

behalf of SuRa to have their property taxes reduced and to receive a credit for any overpayment of past taxes.

## COUNT 1

### ***Breach of Contract***

21. Paragraphs 1-21 are incorporated by reference as though fully set forth herein.

22. In addition to his initial contribution to SuRa, Brien instituted various tax appeals against the City of Woonsocket regarding the SuRa properties in consideration of Bourque's agreement to pay Brien a fee of 33% of the savings.

23. Bourque subsequently settled the tax appeals on behalf of SuRa, without Brien's consent or knowledge, at a savings of approximately $100,000 to SuRa for overpaid past taxes, plus a savings on any future tax liability.

24. Bourque applied the settlement of the tax appeals to his own company SRW and not to SuRa.

25. Brien has not been compensated for his work in saving SuRa approximately $100,000 in property taxes pursuant to his contract with Bourque and SuRa.

26. As a result, Plaintiff Brien has been damaged.

## COUNT 2

### ***Breach of Fiduciary Duty to SuRa by Bourque***

27. Paragraphs 1-24 are incorporated by reference as though fully set forth herein.

28. Each director/shareholder of a corporation owes a fiduciary duty to the corporation

and to each other in matters that relate to the corporation.

29. At all times pertinent herein, Brien and Bourque had a contractual relationship to split any proceeds from SuRa profits on an equal basis.

30. Bourque owed SuRa a fiduciary duty.

31. Plaintiff Brien as Vice President of SuRa has both standing and the duty to assist claims against Bourque for breach of his fiduciary duty.

32. In 2004, Bourque settled the back tax disputes filed by Brien, whereby Bourque agreed with the City of Woonsocket to dismiss all pending suits for back taxes by several Bourque/Brien entities in exchange for a $100,000 credit to SRW Realty, a Massachusetts Domestic Profit Corporation, registered to do business in Rhode Island and owned by Bourque.

33. Bourque breached his fiduciary duty to SuRa in settling the back property tax appeal on SuRa's behalf and diverting money that was due SuRa to Bourque's own company, SRW Realty.

34. As a result of Bourque's actions, SRW realized benefits that were due SuRa.

35. As a result, SuRa has been damaged.

## COUNT 3

### ***Breach of Fiduciary Duty by Bourque to Plaintiff***

36. Paragraphs 1-33 are incorporated by reference as though fully set forth herein.

37. Each director/shareholder of a corporation owe a fiduciary duty to the corporation and to each other in matters that relate to the corporation.

38. At all times pertinent herein, Brien and Bourque by contractual agreement were the sole equal shareholders in SuRa.

39. Bourque owed Brien a fiduciary duty.

40. In 2004, Bourque settled the back tax disputes filed by Brien, whereby Bourque agreed with the City of Woonsocket to dismiss all pending suits for back taxes by several Bourque/Brien entities in exchange for a $100,000 credit to SRW Realty, a Domestic Profit Corporation owned by Bourque.

41. Bourque breached that fiduciary duty in settling the back property tax appeal on SuRa's behalf and diverting money that was due SuRa to Bourque's own company SRW Realty.

42. In diverting the tax savings to SRW, Bourque has diminished any profits due to SuRa.

43. As a result, Brien has been damaged.

**COUNT 4**

***Unjust Enrichment Bourque***

44. Paragraphs 1-30 are incorporated by reference as though fully set forth herein.

45. Plaintiff Brien performed a service which saved SuRa, and therefore Bourque and Brien who were entitled to 50% of SuRa's profits, a substantial amount of tax payments.

46. Defendants Bourque and SRW have realized a substantial profit from the reduction of the tax liability as a result of Plaintiff Brien's services.

47. As a result of Plaintiff Brien's services, for which he has never been compensated, Defendants Bourque and SRW have been unjustly enriched.

Wherefore Plaintiffs SuRa and Brien demand judgment against Bourque and SRW Realty, that SuRa and Brien be awarded any and all damages incurred, including, but not limited

to, reasonable attorneys' fees and costs, plus any other relief this Court deems just and proper.

## COUNT 5

***Ownership Interest in SuRa's Remaining Holdings***

48. Paragraphs 1-34 are incorporated by reference as though fully set forth herein.

49. SuRa currently holds ownership in the property located at Park Square , in the City of Woonsocket, Rhode Island, which currently has an approximate total value of $1,250,000.00.

50. Brien is entitled to a 50% share of any profits from SuRa, and as such has an interest in the aforementioned real estate.

51. As a result of Defendants breaches set forth herein, Brien's interest in SuRa is in jeopardy.

## COUNT 6

***Constructive Trust***

52. Paragraphs 1-38 are incorporated by reference as though fully set forth herein.

53. Each director/shareholder of SuRa stands in a fiduciary relationship to SuRa and to each other director/shareholder with respect to matters which relate to SuRa.

54. There was a confidential or fiduciary relationship between Bourque and Brien.

55. Alternatively, Defendant Bourque fraudulently induced Plaintiff Brien to expend skill, effort, and expertise by promising him 33% of the savings from the property tax appeals and 50% of the net profits from the sale of the land without having an intent to pay Brien.

56. Plaintiff Brien and Defendant Bourque were at all relevant times herein sole

directors/shareholders of SuRa.

57. The fiduciary relationship between Plaintiff Brien and Defendant Bourque was breached by Bourque's failure to compensate Brien and SuRa in accordance with their contractual arrangement.

58. Plaintiff Brien had an contractual agreement, consistent with their past customary and usual business practices, with Defendant Bourque to receive 33 % of the savings from the property tax appeals as well as 50% of the remaining net profits from the sale of the land.

59. In reliance on Defendant Bourque's agreement, Plaintiff Brien expended his skill, effort, expertise, and time in acquiring and rehabilitating the SuRa property and in obtaining a reduced property tax payment.

60. Bourque and SuRa saved approximately $100,000 in property tax as a result of Brien's efforts which Defendant Bourque funneled to Defendant SRW and not SuRa.

61. As a result of Plaintiff Brien's contributions, Defendants Bourque and SRW were unjustly enriched.

62. As a result of Plaintiff Brien's contributions, the value of the property owned by SuRa has increased to over $1,250,000.000.

Wherefore Plaintiff Brien demands declaratory judgment that his interests in SuRa are 50%, and that his interest be declared a constructive trust, in addition to the award of attorneys' fees and

costs, and any other relief as this Court deems just and proper.

Respectfully Submitted,
PLAINTIFF, ALBERT G. BRIEN
and SURA REALTY CORP.
By their attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. (LA Bar # 29634)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel.: (401) 456-1200
Fax: (401) 456-1210

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2006, a true copy of this Complaint was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;428668;2