UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALBERT G. BRIEN and
SURA REALTY CORP.

v. C.A. No.: 06-228 ML

RAYMOND L. BOURQUE and
SRW REALTY CORPORATION

**ANSWER OF DEFENDANTS RAYMOND L. BOURQUE and SRW REALTY CORPORATION**

PARTIES AND JURISDICTION

(1) Defendants admit the allegation contained in paragraph 1 of Plaintiffs' Complaint.

(2) Defendants admit the allegation contained in paragraph 2 of Plaintiffs' Complaint.

(3) Defendants admit the allegation contained in paragraph 3 of Plaintiffs' Complaint.

(4) Defendants admit the allegation contained in paragraph 4 of Plaintiffs' Complaint.

(5) Defendants admit that Raymond L. Bourque is the president of SuRa, and that SuRa has conducted business dealings in the State of Rhode Island. The remainder of Paragraph 5 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(6) Paragraph 6 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(7) Defendants admit that Bourque and Brien has collaborated in business transactions, some of which were located in Woonsocket, Rhode Island. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

(8) Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

(9) Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

(10) Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

(11) Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint.

(12) Defendants deny the allegation contained in paragraph 12 of Plaintiffs' Complaint.

(13) Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

(14) Defendants deny the allegation contained in paragraph 14 of Plaintiffs' Complaint.

(15) Defendants deny the allegation contained in paragraph 15 of Plaintiffs' Complaint.

(16) Defendants are without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint in that the term "project" is undefined.

(17) Defendants deny the allegation contained in paragraph 17 of Plaintiffs' Complaint.

(18) Defendants are without knowledge and/or information sufficient to form a belief as to the truth of the allegation as to contained in paragraph 18 of Plaintiffs' Complaint.

(19) Defendants are without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint in that the phrase "Park Square property" is undefined.

(20) Defendants deny the allegation contained in paragraph 20 of Plaintiffs' Complaint.

Count I

(21) Defendants incorporate their responses to paragraphs 1-21 as if fully set forth herein.

(22) Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

(23) Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

(24) Defendants deny the allegation contained in paragraph 24 of Plaintiffs' Complaint.

(25) Defendants deny the allegation contained in paragraph 25 of Plaintiffs' Complaint.

(26) Defendants deny the allegation contained in paragraph 26 of Plaintiffs' Complaint.

Count II

(27) Defendants incorporate their responses to paragraphs 1-24 as if fully set forth herein.

(28) Paragraph 28 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(29) Defendants deny the allegation contained in paragraph 29 of Plaintiffs' Complaint.

(30) Defendants deny the allegation contained in paragraph 30 of Plaintiffs' Complaint.

(31) Paragraph 31 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation

(32) Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

(33) Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

(34) Defendants deny the allegation contained in paragraph 34 of Plaintiffs' Complaint.

(35) Defendants deny the allegation contained in paragraph 35 of Plaintiffs' Complaint.

## Count III

(36) Defendants incorporate their responses to paragraphs 1-33 as if fully set forth herein.

(37) Paragraph 37 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(38) Defendants deny the allegation contained in paragraph 38 of Plaintiffs' Complaint.

(39) Defendants deny the allegation contained in paragraph 39 of Plaintiffs' Complaint.

(40) Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

(41) Defendants deny the allegation contained in paragraph 41 of Plaintiffs' Complaint.

(42) Defendants deny the allegation contained in paragraph 42 of Plaintiffs' Complaint.

(43) Defendants deny the allegation contained in paragraph 43 of Plaintiffs' Complaint.

## Count IV

(44) Defendants incorporate their responses to paragraphs 1-30 as if fully set forth herein.

(45) Defendants deny the allegation contained in paragraph 45 of Plaintiffs' Complaint.

(46) Defendants deny the allegation contained in paragraph 46 of Plaintiffs' Complaint.

(47) Defendants deny the allegation contained in paragraph 47 of Plaintiffs' Complaint.

## Count V

(48) Defendants incorporate their responses to paragraphs 1-34 as if fully set forth herein.

(49) Defendants are without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Complaint in that the phrase "the property located at Park Square" is undefined.

(50) Defendants deny the allegation contained in paragraph 50 of Plaintiffs' Complaint.

(51) Defendants deny the allegation contained in paragraph 51 of Plaintiffs' Complaint.

Count VI

(52) Defendants incorporate their responses to paragraphs 1-38 as if fully set forth herein.

(53) Paragraph 53 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(54) Paragraph 54 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegation.

(55) Defendants deny the allegation contained in paragraph 55 of Plaintiffs' Complaint.

(56) Defendants deny the allegation contained in paragraph 56 of Plaintiffs' Complaint.

(57) Defendants deny the allegation contained in paragraph 57 of Plaintiffs' Complaint.

(58) Defendants deny the allegation contained in paragraph 58 of Plaintiffs' Complaint.

(59) Defendants deny the allegation contained in paragraph 59 of Plaintiffs' Complaint.

(60) Defendants deny the allegation contained in paragraph 60 of Plaintiffs' Complaint.

(61) Defendants deny the allegation contained in paragraph 61 of Plaintiffs' Complaint.

(62) Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of unclean hands.

2. Plaintiffs' claims are barred by the doctrine of waiver.

3. Plaintiffs' claims are barred by the doctrine of release.

4. Plaintiffs' claims are barred by the doctrine of inadequacy of consideration.

5. Plaintiffs' claims are barred by the doctrine of laches.

6. Plaintiffs' claims are barred by the doctrine of estoppel.

7. Plaintiffs' Complaint fails to state claims against Defendants upon which relief can be granted.

8. Plaintiff Brien lacks standing to bring claims on behalf of SuRa Realty Corp.

9. The damages and/or other relief sought by plaintiff Brien are available, if at all, only against SuRa Realty Corporation and not Defendants.

10. The Court lacks subject matter jurisdiction over the claims asserted by Plaintiffs.

11. Plaintiff Brien's claims, if any, are barred by the Statute of Frauds, R.I.G.L. §9-1-4.

WHEREFORE, Defendants demand judgment against Plaintiffs dismissing the Complaint with prejudice, awarding them their costs and such other and further relief as shall be deemed meet and just.

RAYMOND L. BOURQUE and
SRW REALTY CORPORATION

By Their Attorneys,

/S/ Dennis R. Gannon

Richard W. MacAdams, #1681
rmacadams@mandwlaw.com
Dennis R. Gannon, #2280
dgannon@mandwlaw.com
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: August 21, 2006

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury on all issues so triable.

**CERTIFICATION**

I hereby certify that on the 21st day of August, 2006 a true and accurate copy of the within was served by electronic means on Lori Carol Silveira, Attorney, and Paul J. Moretti, Sr., Esq., Tillinghast Licht LLP, 10 Weybosset Street, Providence, RI 02903.

/S/ Dennis R. Gannon